UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| **MARION T, LLC,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
|     v. | ) | **CAUSE NO. 1:07-CV-3** |
| | ) | |
| **NORTHWEST METALS PROCESSORS,** | ) | |
| **INC., et al.,** | ) | |
| | ) | |
|     **Defendants.** | ) | |

## OPINION AND ORDER

This case was removed to this Court from the Grant Superior Court by Defendants based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (*See* Docket # 2.) The amended Notice of Removal alleges that Plaintiff is an "Indiana corporation" with its principal place of business in Indiana; that Defendant Northwest Metals Processors, Inc., is an Ohio corporation with its principal place of business in Ohio; that Defendant Troy Reed is an Ohio citizen; and that Defendant Buckeye Industrial Sales & Service, Inc., is an Ohio corporation with its principal place of business in Ohio. (Am. Notice of Removal ¶¶ 4-7.)

At the Court's directive, Plaintiff, who is a limited liability company not a corporation, filed a Corporate Disclosure (Docket # 11) on January 9, 2007, so that Plaintiff's ownership could be traced through the appropriate levels. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) ("[T]he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members."); *Mut. Assignment and Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004) ("[T]his may need to be traced through multiple levels if any of its members is itself a partnership or LLC."). This is necessary because if even one member of any Defendant is a citizen of the same state as Plaintiff, the suit cannot be maintained as a

diversity action. *Cosgrove*, 150 F.3d at 731.

The Corporate Disclosure submitted by Plaintiff, however, merely states that Plaintiff is wholly owned by The Lee Group Holding Company, LLC, an Indiana limited liability company, and that "[a]ll members of The Lee Group Holding Company, LLC are residents of the State of Indiana." (Docket # 11.)  This Disclosure is inadequate because (1) "residency" does not satisfy the citizenship requirement under 28 U.S.C. § 1322 and (2) it failed to disclose the names of the members of The Lee Group Holding Company, LLC. *See generally Smoot v. Mazda Motors of Am., Inc*., 469 F.3d 675, 675-78 (7th Cir. 2006).

Therefore, Plaintiff is ORDERED to submit an amended corporate disclosure statement forthwith that sets forth the name and citizenship of each member of The Lee Group Holding Company, LLC.  SO ORDERED.

Enter for this 2nd day of February, 2007.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge