UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| **MARION T, LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:07-CV-3 |
| | ) | |
| | ) | |
| **NORTHWEST METALS PROCESSORS, INC., et.al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Motion for Extension of Deadlines and Order Compelling Discovery (Docket # 35) filed October 25, 2007. A very similar motion was filed on October 23, 2007, and the request for the extension of certain deadlines was taken under advisement and set for hearing on October 30, 2007, at 1:30 p.m. The part of the motion seeking an order compelling the Defendants to respond to discovery was denied, however, on October 24, 2007, because the Plaintiff failed to comply with Local Rule 37.1.

The present motion adds little to the former motion to compel other than it attaches two letters sent between counsel for the Plaintiff and former counsel for the Defendants as exhibits. As we shall see, however, that is not enough to meet what Local Rule 37.1 requires.

## DISCUSSION

Local Rule 37.1(a) provides that the certification required by Fed. R. Civ. P. 37(a)(2)(B) "shall recite, in addition to the information required under the appropriate Federal Rule, the date, time, and place of the conference . . . and the names of all persons participating therein." The

certification is to be filed contemporaneously with the motion.  Local Rule 37.1(c).

As the Local Rule implies, a good faith effort to resolve a discovery dispute under Fed. R. Civ. P. 37(a)(2)(B) "requires that counsel converse, confer, compare views, consult and deliberate."  *Williams v. Bd. of County Comm'rs of Unified Gov't of Wyandotte County and Kansas City, Kan.*, 192 F.R.D. 698, 700 (D. Kan. 2000) (acknowledging that a single letter between counsel addressing a discovery dispute does not satisfy the duty to confer).  The requirement to meet-and-confer must be taken seriously, because "[b]efore the court can rule on a motion, the parties must demonstrate they acted in good faith to resolve the issue among themselves."  *See Robinson v. Potter*, 453 F.3d 990, 994-95 (8th Cir. 2006) (*citing Naviant Mktg. Solutions, Inc. v. Larry Tucker, Inc.*, 339 F.3d 180, 186 (3d Cir. 2003)).

Here, it is immediately apparent that the motion must be denied because no "certification" was filed by the Plaintiff as Local Rule 37.1 requires, and the two letters they did file as exhibits are, standing alone, insufficient.  *Williams*, 192 F.R.D. at 700.

## **CONCLUSION**

Since the Plaintiff has once again failed to comply with Local Rule 37.1, the renewed Motion to Compel (Docket # 35) is DENIED.


Enter: October 25, 2007

        S/Roger B. Cosbey
        Roger B. Cosbey
        United States Magistrate Judge